# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs)  No. 14-0886**  (Wood County 13-F-45)

**Norman Rattliff, Jr., Defendant Below,**
**Petitioner**

**FILED**

September 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and defendant below, Norman Rattliff, Jr., by counsel George M. Torres, appeals the March 31, 2014, order of the Circuit Court of Wood County that denied his *pro se* Motion for Correcting Sentencing and Time Served following his guilty plea to the charges of Forgery, Robbery in the Second Degree, and Robbery. The State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 17, 2013, a grand jury in the Circuit Court of Wood County returned an eleven count indictment against petitioner charging him with one count each of forgery; uttering; driving while license revoked for driving under the influence of alcohol, third offense; unlawful taking of a vehicle; possession of a controlled substance; robbery in the second degree; and robbery. The indictment further charged petitioner with two counts each of driving while under the influence of alcohol and failure to provide notice of registration changes, second offense.

On October 22, 2013, following plea negotiations, the State and petitioner entered into a plea agreement in which it was agreed that petitioner would plead guilty to the offenses of forgery (Count One), second degree robbery (Count Ten), and robbery (Count Eleven). The written plea agreement provided that the penalty for forgery is one to ten years imprisonment or, in the discretion of the court, not more than one year in jail and a fine not to exceed $500; that the penalty for second degree robbery is five to eighteen years imprisonment; and that the penalty for robbery is not less than ten years imprisonment. The agreement further provided that the sentences shall run concurrently; that petitioner's sentence "shall be capped at no more than 30 years in prison with respect to the Robbery charge contained in Count Eleven[;]" and that the remaining charges in the indictment would be dismissed.

1

During the course of the plea hearing that was conducted on October 22, 2013, the State became aware of several errors in the plea agreement and, as a result, the parties corrected it[1] to reflect that the statutory penalty for robbery under West Virginia Code §61-2-12(c), as charged in the indictment, is ten to twenty years imprisonment. The agreement was further altered to reflect that the sentences for robbery and second degree robbery would be served *concurrently* while the sentence for forgery would be served *consecutively* to the robbery sentences. The modified plea agreement did not provide for a thirty year cap given the indeterminate sentence for robbery under West Virginia Code §61-2-12(c) and further provided that the State agreed to dismiss the remaining charges in the indictment.[2] After extensive inquiry of petitioner as to whether he understood the terms and conditions of the plea agreement and knowingly, voluntarily, and willingly entered into the same, the circuit court accepted petitioner's plea of guilty as provided for in the modified plea agreement. Petitioner also answered and signed a written Defendant's Statement in Support of Plea of Guilty; similarly, his counsel answered and signed an Attorney's Statement in Support of Guilty Plea. A sentencing hearing was scheduled for February 6, 2014.

Meanwhile, on November 18, 2013, petitioner, *pro se*, filed a Motion to Withdraw My Plea Agreement, in which he alleged that his attorney was being intimidated by the assistant prosecuting attorney; was "scare[d]" and "terrif[i]ed" to take the case to trial after the assistant prosecuting attorney "took over the case[;]" was inexperienced; and "sold me out to the prosecuting attorney." Petitioner further alleged that his attorney advised him that if he "did not take this plea[,] that [the circuit judge] would be mad if I went to trial on my case's [sic] and if I lost he would put the max of everything he could on me for taking this all to trial."

Thereafter, petitioner's attorney moved to withdraw as counsel. Following a hearing on December 5, 2013, the circuit court granted the motion and appointed new counsel.

On February 6, 2014, petitioner, by counsel, filed a second Motion to Withdraw Guilty Plea in which he alleged

> that the plea was entered only after [petitioner] learned that his then-counsel was clearly intimidated by the prosecutor and was unwilling to take the cases to trial. At the time, the [petitioner] believed that accepting the plea offer was his only option and that taking the cases to trial was not realistic, given his counsel's fear and concerns. Thus, the plea was entered under duress. It was only after the plea was entered that [petitioner] realized that he could request new counsel, which he did.

---

[1] Petitioner did not object to the modification of the plea agreement.

[2] By order entered April 18, 2013, the circuit court had ordered that petitioner be tried in four separate trials. Following a jury trial on April 23 and 24, 2013, on the two counts of failure to provide notice of registration changes, second offense, a mistrial was declared; a new trial was scheduled for October 22, 2013. However, these charges, and those remaining under the indictment, were dismissed under both the initial and modified plea agreements.

2

At the commencement of the sentencing hearing on February 7, 2014, petitioner's counsel advised the circuit court that petitioner wished to withdraw the previously-filed motion to withdraw the guilty plea and that he was prepared to proceed with sentencing. The circuit court granted petitioner's motion, accepted the guilty plea as described above, and, additionally, granted petitioner credit of 448 days for time served against the concurrent sentences imposed for robbery and second degree robbery. On the conviction of forgery, the circuit court concluded that petitioner was not entitled to credit for time served.

On March 26, 2014, petitioner, *pro se*, filed a motion to correct his sentence, *inter alia*, on the ground that he should also have been granted credit for time served on the forgery conviction.[3] *See* W.Va. R. Crim. P. 35 (stating that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."). By order entered March 31, 2014, the circuit court denied petitioner's motion. This appeal followed.

Our review of the circuit court's order denying petitioner's motion to correct his sentence is guided by the following:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). Furthermore, "[t]he abuse of discretion standard on Rule 35 motions continues the deference we have traditionally accorded trial courts in matters of sentencing. *See* Syl. pt. 12, *State v. Broughton,* 196 W.Va. 281, 470 S.E.2d 413 (1996) ('[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review')." *Head*, 198 W.Va. at 301, 480 S.E.2d at 510.

In his first assignment of error, petitioner argues that the circuit court erred in failing to afford him credit for time previously served to also reduce his sentence for his forgery conviction. As noted above, petitioner was given 448 days credit for time previously served for his convictions of robbery and second degree robbery, the sentences for which were ordered to be served concurrently. With regard to the forgery sentence, which was ordered to run consecutively to the robbery sentences, the circuit court ordered that petitioner receive "a credit of zero (0) days previously served." Petitioner argues that

> [t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited

---

[3] In his March 26, 2014, motion, petitioner requested 466 days of credit for time served. He did not explain how he arrived at this number; the Court surmises that he may have erroneously added time served since his sentencing to the number of days served prior to the imposition of his sentence.

3

against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."

Syl. Pt. 6, *State v. McClain*, 211 W.Va. 61, 561 S.E.2d 783 (2002). *See State v. Eilola*, 226 W.Va. 698, 702, 704 S.E.2d 698, 702 (2010) (reiterating that, despite language of West Virginia Code 61-11-24 providing that one sentenced to confinement in jail or penitentiary "may, in the discretion of the court or justice, be given credit" for time served, the granting of presentence credit is, in fact, mandatory). Thus, it is petitioner's contention that the circuit court clearly erred in failing to give him credit for time previously served as to all three sentences.

Notwithstanding petitioner's argument to the contrary, we find no reversible error in the circuit court's sentencing order. In syllabus point seven of *Eilola*, this Court held as follows:

> For purposes of calculating a defendant's parole eligibility date, credit for time served by the defendant prior to being sentenced should be applied to the aggregated minimum term of all the consecutive sentences combined. To the extent that language in *State v. Middleton,* 220 W.Va. 89, 640 S.E.2d 152 (2006), mandates that the period of time served during presentence incarceration be credited only against the aggregated maximum term of the consecutive sentences, it is hereby overruled.

226 W.Va. at 700, 704 S.E.2d at 700.

The aggregated minimum term of petitioner's consecutive sentences is eleven years. Under *Eilola*, for purposes of calculating petitioner's parole eligibility date, the circuit court should have applied the 448 days of credit for time served to the aggregated minimum of the *consecutive* sentences rather than to each of the *concurrent* sentences of robbery and second degree robbery. Nonetheless, the effect of the sentencing order is the same. Even if the circuit court had applied the credit for time served to the aggregated minimum term of the consecutive sentences, it is clear that the credit of 448 days will be fully used on the robbery sentence, which carries a minimum sentence of ten years. Thus, petitioner received all of the credit to which he is entitled.[4]

In his second assignment of error, petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to object to the modification of the original plea agreement, which included terms and conditions more favorable to petitioner than those included in the modified plea agreement. Petitioner further argues that the plea hearing was "hurried," "convoluted," "interspersed with recesses" and "re-writes of the plea agreement[]" such that there "existed an environment of 'insecurity and confusion'" for petitioner, resulting in a violation of his constitutional rights to effective assistance of counsel. Petitioner also contends

---

[4] Although not explicitly set forth in his brief on appeal, the effect of petitioner's argument is that he believes that he is entitled to an additional 448 days of credit for time previously served as against the consecutive forgery sentence, which would be an absurd interpretation of *Eilola*.

that trial counsel was ineffective by agreeing not to re-try the charges of failure to provide notice of registration changes, second offense, the first trial of which resulted in a mistrial. *See* n.2, *supra*.[5]

This Court has recognized that "it is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal." *State v. Miller,* 194 W.Va. 3, 14, 459 S.E.2d 114, 125 (1995) (quoting *State v. Triplett,* 187 W.Va. 760, 771, 421 S.E.2d 511, 522 (1992)). As we explained in *Miller,* this is due to the undeveloped state of the record:

> The very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

194 W.Va. at 15, 459 S.E.2d at 126.

However, future review of the issue of ineffective assistance of counsel is not necessarily foreclosed; as this Court has previously held,

> [a]n incarcerated individual who raises an issue on direct appeal that was not the subject of a previous petition seeking post-conviction relief under West Virginia Code § 53–4A–1 (1967) (Repl.Vol.2000) is not prohibited from seeking habeas corpus relief following the issuance of an opinion by the West Virginia Supreme Court of Appeals where the decision on the appeal does not contain any ruling on the merits of the issue, as no final adjudication within the meaning of West Virginia Code § 53–4A–1 has resulted.

Syl. Pt. 4, *State v. Frye,* 221 W.Va. 154, 650 S.E.2d 574 (2006). In this case, the record is not properly developed to permit review of the issue raised on its merits. Therefore, we decline to address the merits of petitioner's ineffective assistance of counsel claim. Relief in the form of habeas corpus is not barred under the provisions of West Virginia Code § 53-4A-1 as the result of petitioner's having instituted a direct appeal raising the issue.

In his final assignment of error, petitioner argues that the circuit court erred in failing to schedule a hearing on his *pro se* motion to withdraw his plea agreement prior to the sentencing hearing. He contends that he filed his motion to withdraw on November 13, 2013; that new

---

[5] *See* Syl. Pt. 5, in part, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995) (holding that "claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.").

5

counsel was appointed during a December 5, 2013, hearing, but that petitioner's motion to withdraw his plea was not addressed at the hearing; that new counsel failed to file a second motion to withdraw the plea until the day before the sentencing hearing; and that the circuit court did not address the motion until the February 7, 2014, sentencing hearing. Petitioner argues that the circuit court should have afforded petitioner a separate hearing on the motion to withdraw his guilty plea so that petitioner "could firmly address whether he did or did not desire to plea[d] guilty or if he desired to withdraw the plea agreement."

Despite petitioner's argument that he should have been afforded a hearing on his motion to withdraw his guilty plea, it is clear from the record that, during the sentencing hearing, petitioner unequivocally expressed his desire to withdraw his motion and proceed with sentencing. Indeed, prior to the imposition of sentence by the circuit court, petitioner went so far as to apologize to the court and victims for his actions. As this Court has previously made clear, "[w]hen there is an opportunity to speak, silence may operate as a waiver of objections to error and irregularities at the trial which, if seasonably made and presented, might have been regarded as prejudicial." *State v. Grimmer*, 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979), *overruled on other grounds*, *State v. Petry*, 166 W.Va. 153, 273 S.E.2d 346 (1980).This Court has further held that "'[a]s a general matter, a defendant may not assign as error, for the first time on direct appeal, an issue that could have been presented initially for review by the trial court on a post-trial motion.' Syl. Pt. 2, *State v. Salmons,* 203 W.Va. 561, 509 S.E.2d 842 (1998)." Syl. Pt. 3, *State v. Jessie*, 225 W.Va. 21, 689 S.E.2d 21 (2009). Petitioner expressly withdrew his motion to withdraw his guilty plea thereby waiving, for purposes of appeal, the issue of whether the circuit court erred in failing to conduct a hearing on the motion prior to sentencing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II